# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 09-10426 |
| EQUIPMENT FINDERS INC. OF ) | Chapter 11 |
| TENNESSEE, ) | Judge Lundin |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| EQUIPMENT FINDERS INC. OF ) | Adv. Proc. No. 11-00252 |
| TENNESSEE, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| FIREMAN'S FUND INSURANCE ) | |
| COMPANY and COMMERCIAL ) | |
| INSURANCE ASSOCIATES, LLC, ) | |
| ) | |
| Defendants. ) | |

**MOTION OF DEFENDANT FIREMAN'S FUND INSURANCE COMPANY
TO DISMISS FIRST AMENDED COMPLAINT FOR
LACK OF SUBJECT MATTER JURISDICTION**

Defendant Fireman's Fund Insurance Company ("FFIC") hereby moves for entry of an order dismissing this adversary proceeding for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, made applicable by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure. In support of its Motion, FFIC states as follows:

1. Equipment Finders Inc. of Tennessee ("EFI") is a Tennessee corporation that was the Debtor in the above-captioned Chapter 11 case in this Court.

2. On October 13, 2010, EFI's Amended Plan of Reorganization (the "Plan") was confirmed pursuant to the Confirmation Order Regaring [sic] Debtor's Plan of Reorganization, entered on that date.

3. Pursuant to its express terms, the Plan became effective on the "first business day of the second full month following" October 13, 2010, presumably December 1, 2010. See §2.15 of the Plan.

4. Upon the Plan becoming effective, "all Property of the Debtor will be retained by Equipment Finders Inc. of Tennessee as the Reorganized Debtor" pursuant to §8.02 of the Plan. "Property" is defined in the Plan to include all assets of the Debtor, either owned as of the effective date of the Plan. See §2.19 of the Plan.

5. Contrary to the allegations of paragraph 5 of the First Amended Complaint ("Complaint"), neither the FFIC insurance policy in question nor the claims asserted in the Complaint are property of the bankruptcy estate. Any rights under the policy, and any claims relating to it or its procurement, are assets of the Reorganized Debtor.

6. Pursuant to the express terms of the Plan, the bankruptcy estate has been fully administered (see §9.05 of the Plan).

7. The source of this Court's bankruptcy jurisdiction is 28 U.S.C. §1334, which grants jurisdiction to the District Courts, which in turn is referred by the District Courts to the Bankruptcy Courts. In particular, section 1334(b) provides, in pertinent part, that jurisdiction exists over "all civil proceedings arising under title 11, or arising in or related to a case under title 11."

8. This adversary proceeding is not a civil proceeding that arises under title 11, or arising in or related to a case under title 11. The Complaint asserts garden-variety state law claims for alleged breaches of contract, alleged negligence and alleged violations of Tennessee statutes, all brought post-confirmation by the Reorganized Debtor after the Chapter 11 case had been fully administered. "Related to" jurisdiction simply does not exist over these purported

claims, for the reasons stated more fully in the Memorandum of Law filed contemporaneously herewith.

9. Due to the lack of subject matter jurisdiction, this adversary proceeding should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), made applicable by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure.

WHEREFORE, Defendant Fireman's Fund Insurance Company requests that this Court grant its Motion and enter an order dismissing the Complaint in its entirety.

Respectfully submitted,

/s/ W. Neal McBrayer
W. Neal McBrayer
nmcbrayer@millermartin.com
Kevin C. Baltz
kbaltz@millermartin.com
Miller & Martin PLLC
1200 One Nashville Place
150 Fourth Avenue North
Nashville, TN  37219
Tel. No.: (615) 744-8514
Fax No.: (615) 256-8197

and

Gregory P. Varga
gvarga@rc.com
Christopher R. Perry
crperry@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299

*Counsel for Fireman's Fund Insurance Company*

3
Case 3:11-ap-00252    Doc 24    Filed 06/28/11    Entered 06/28/11 16:44:24    Desc Main
Document    Page 3 of 4

## CERTIFICATE OF SERVICE

       I hereby certify that on June 28, 2011, a true and correct copy of the foregoing document was filed electronically and sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

                                                       /s/ W. Neal McBrayer