UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CHAPTER 11 |
| ) | No. 09-10426 |
| EQUIPMENT FINDERS, INC. OF ) | (Adv. Proc. No. 11-00252) |
| TENNESSEE, ) | Judge Lundin |
| ) | |
| Debtor. ) | |

___

| | |
|---|---|
| EQUIPMENT FINDERS, INC. OF ) | |
| TENNESSEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:11-0817 |
| ) | Judge Sharp |
| ) | |
| FIREMAN'S FUND INSURANCE ) | |
| COMPANY and COMMERCIAL ) | |
| INSURANCE ASSOCIATES, LLC, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Pending before the Court are the Motions for Withdrawal of Reference of Adversary Proceedings filed by Defendants Fireman's Fund Insurance Company ("Fireman's Fund") (Docket No. 1) and Commercial Insurance Associates, LLC ("Commercial") (Docket No. 3) (collectively "Defendants"). Plaintiff, Equipment Finders, Inc. of Tennessee ("EFI"), has filed a response (Docket No. 5) in opposition to those Motions.

1

## I. BACKGROUND

EFI leases construction equipment to contractors. On September 11, 2009, EFI filed a voluntary Chapter 11 petition in the United States Bankruptcy Court for the Middle District of Tennessee.

According to Defendants, after EFI emerged from bankruptcy as a "reorganized company" in 2010, it filed suit against Defendants invoking the Bankruptcy Court's "related to" jurisdiction under 11 U.S.C. § 1334(b), and seeking damages allegedly arising from breach of an insurance policy issued by Fireman's Fund, and from Commercial's conduct in procuring the policy. In its Complaint, EFI asserts common law claims against Fireman's Fund for breach of contract, reformation, as well as statutory claims under the Tennessee Consumer Protection Act and the Tennessee Bad Faith statute. Additionally, the Complaint asserts common law claims against Commercial for negligence, negligent misrepresentation, breach of fiduciary duty, and a statutory claim for violation of the Tennessee Consumer Protection Act. Each claim against Fireman's Fund and Commercial is based on state law, and not on any provisions of the Bankruptcy Code or other bankruptcy statutes or case law.

For its part, EFI places its Complaint against Defendants in the context of the bankruptcy proceedings. In this regard, EFI claims that on May 2, 2010 (and during administration of the bankruptcy) flooding of the Cumberland River in Nashville caused approximately $2.5 million in damage to EFI's rental fleet. Nevertheless, on May 28, 2010, EFI proposed a plan of reorganization, which was amended and restated on August 3, 2010, and amended again prior to the confirmation hearing on October 12, 2010 ("Amended Plan"). According to EFI, central to the

Amended Plan is EFI's ability to use insurance proceeds to replace damaged equipment and, in fact, at the confirmation hearing, EFI's president testified about the damage caused by the flood, and the importance of the substitution of collateral upon the payment of insurance proceeds. The Amended Plan also provides that the Bankruptcy "Court shall retain jurisdiction to the extent allowed by law" over EFI's claim to recover assets.

The parties have demanded a jury trial in relation to the claims set forth in the Complaint, and Fireman's Fund has made clear that it will not consent to a jury trial before the Bankruptcy Court. Additionally, Fireman's Fund has moved to dismiss the Complaint in the Bankruptcy Court for lack of subject matter jurisdiction.

## II. LEGAL DISCUSSION

"District courts may refer any or all [Title 11] proceedings to the bankruptcy judges of their district," but "also may withdraw a case or proceeding referred to the bankruptcy court 'for cause shown.'" Stern v. Marshall, 131 S.Ct. 2594, 2603 (2011) (quoting, 11 U.S.C. § 157(d)[1]). The decision to withdraw a matter from bankruptcy court is committed to the discretion of the district court. See, e.g., Panda Energy Intern., Inc. v. Factory Mut. Ins., 2011 WL 610016 at *3 (N.D. Tex. Feb. 14, 2011); In re Stone, 2010 WL 5069698 at *1 (M.D. Fla. Dec. 7, 2010); In re Fairfield Sentry Ltd., 2010 WL 4910119 at *2 (S.D.N.Y. Nov. 22, 2010). Nevertheless, 11 U.S.C. § 157(d) is construed "narrowly to prevent litigants using it as an 'escape hatch' out of bankruptcy court." In re Enron Corp., 2004 WL 2711101 at *2 (S.D.N.Y. Nov. 23, 2004).

---

[1] Title 28 U.S.C. § 157(d) states in pertinent part: "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."

"While the Sixth Circuit has not had occasion to consider the factors to be applied in ruling on a motion for permissive withdrawal of a bankruptcy reference under Section 157(d)," the factors that "have been widely accepted" include whether the proceeding is core or non-core, judicial economy, uniformity in bankruptcy administration, reducing forum shopping and confusion, conserving debtor and creditor resources, expediting the bankruptcy process, and whether a party has requested a jury trial.  Welch v. Gordulic, 2011 WL 2490943 at *2 (N.D. Ohio June 22, 2011) (collecting cases).  The parties agree that these are the relevant factors to be applied in determining whether the reference should be withdrawn in this case.

Defendants claim that all of the factors weigh in favor of withdrawal, but they focus on only two – judicial economy and the jury trial requests.  With regard to the former, Defendants argue that "it is not an economical use of the debtor's resources to file suit in a court that lacks subject matter jurisdiction" and that "[b]ecause Fireman's Fund has asserted that the Bankruptcy Court lacks subject matter jurisdiction, the District Court should decide that issue now before the parties needlessly expend their own resources and the resources of the federal court." (Docket No. 2 at 4). Defendants do not explain how it would be more economical for the Court to withdraw the reference and decide whether the Bankruptcy Court has subject matter jurisdiction.  In fact, it appears that the Bankruptcy Court is well-positioned to rule on the Motion to Dismiss because, according to Plaintiff, the motion was filed in the Bankruptcy Court on June 28, 2011, has been fully briefed, and the Bankruptcy Court has set a hearing for all dispositive motions on December 13, 2011. (Docket No. 5 at 3-4).  Defendants do not suggest that the Bankruptcy Court is not competent to rule on the pending Motion to Dismiss in the context of the adversary proceedings.  See, F.R.B.P.

4

Case 3:11-cv-00252 Document 25 Filed 11/10/11 Page 4 of 7 PageID #: 65
Case 3:10-ap-00252 Doc 25 Filed 11/10/11 Entered 11/10/11 17:23:39 Desc Main
Document      Page 4 of 7

7012(b) ("Rule 12(b) – (i) F.R. Civ. P. applies in adversary proceedings"); In re Justice, 224 B.R. 631, 633 (Bkrtcy S.D. Ohio 1998) (bankruptcy court has "both the power and the duty to determine [its] own jurisdiction").

The Motion to Dismiss aside, the Bankruptcy Court is obviously more familiar with EFI and the insurance issue. As Plaintiff correctly notes, "the Bankruptcy Court's familiarity with the facts implicates judicial economy, promotion of uniformity in bankruptcy administration, reduction of forum shopping and confusion of fora, and conservation of debtor resources[.]" (Docket No. 5 at 4).

Defendants next argue that "even if the Bankruptcy Court has subject matter jurisdiction, withdrawal of the reference is appropriate where, as in this case, the debtor/plaintiff has asserted a right to a jury [trial]." (Docket No. 2 at 4). While withdrawal of the reference at some point may indeed be appropriate, that does not mean that withdrawal is appropriate at this time.

In In re Healthcentral.com, 504 F.3d 775, 787 (9th Cir. 2007), the court "canvassed the numerous courts" which had addressed the issue of whether, once a jury request is made, a bankruptcy court must relinquish jurisdiction and the case transferred to an Article III court. "Universally these courts have all reached the same holding, that is, a Seventh Amendment jury trial right does not mean the bankruptcy court must instantly give up jurisdiction and that the case must be transferred to the district court." Id. "Instead, the bankruptcy court is permitted to retain jurisdiction over the action for pre-trial matters." Id. The rationale for such holdings is two-fold:

> First, allowing the bankruptcy court to retain jurisdiction over pre-trial matters, does not abridge a party's Seventh Amendment right to a jury trial. . . . A bankruptcy court's pre-trial management will likely include matters of "discovery," "pre-trial conferences," and routine "motions," which obviously do not diminish a party's right to a jury trial. . . . Moreover, even if a bankruptcy court were to rule on a dispositive motion, it would not affect a party's Seventh Amendment right to a jury

5

trial, as these motions merely address whether trial is necessary at all.

> Second, requiring that an action be immediately transferred to district court simply because of a jury trial right would run counter to our bankruptcy system.... Under our current system Congress has empowered the bankruptcy courts to "hear" Title 11 actions, and in most cases enter relevant "orders." As has been explained before, this system promotes judicial economy and efficiency by making use of the bankruptcy court's unique knowledge of Title 11 and familiarity with the actions before them. . . . Accordingly, if we were to require an action's immediate transfer to district court simply because there is a jury trial right we would effectively subvert this system. Only by allowing the bankruptcy court to retain jurisdiction over the action until trial is actually ready do we ensure that our bankruptcy system is carried out.

Id. at 787-88 (internal citations omitted).

Likewise in this case, the Court finds that allowing the Bankruptcy Court to conduct all necessary pretrial matters is an appropriate allocation of judicial resources, particularly given the Bankruptcy Court's superior knowledge of the adversary proceeding. As such, the Court will deny the Motion for Withdrawal, but allow Defendants to refile the Motion at a later date. See, In re BFW Liquidation, LLC, 2009 WL 8003536 at *4 n.6 (Bkrtcy. N.D. Ala. Sept. 14, 2009) (noting that, in accordance with district's practice, "[a]fter all pre-trial matters, discovery, and dispositive motions have been attended to, the claimant is of course free to file a motion to withdraw which may then be transferred to and heard by a district court judge, as required by 28 U.S.C. § 157(d)"); In re Neumann Homes, 414 B.R. 383, 387 (N.D. Ill. 2009) ("In the interests of judicial economy and efficient administration of the bankruptcy estate, the bankruptcy court is better suited to manage all pretrial matters and related issues arising out of the estate. Should a jury trial become necessary to resolve the issues articulated in the adversary proceeding, then we can consider whether to withdraw the reference at that time.").

## III. CONCLUSION

On the basis of the foregoing, the Court will enter an Order denying Fireman's Fund's and Commercial's Motions for Withdrawal of Reference of Adversary Proceedings. Said denial will be without prejudice to Defendants' renewing the Motions when the case is ready for trial.

*Kevin H. Sharp*
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE